## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

DAWSON DOUGLAS
SHAVER,

               Petitioner,                       Case Number: 23-CV-10895
                                                  Hon. Denise Page Hood

v.

MICHIGAN DEPARTMENT
OF CORRECTIONS,

               Respondent.
_____/

## OPINION AND ORDER DISMISSING COMPLAINT

Plaintiff Dawson Shaver, a prisoner at Parnall Correctional Facility in Jackson, Michigan, has filed a *pro se* complaint against Defendant Michigan Department of Corrections (MDOC), under 42 U.S.C. § 1983.  (ECF No. 1.)  He claims the MDOC violated the Eighth Amendment by failing to provide adequate dental care.  (*Id.* at PageID.4-5.)  He maintains that, as a result, he suffers from chronic pain.  (*Id.* at PageID.5.)  Plaintiff seeks monetary damages.

Plaintiff has been granted leave to proceed without prepayment of the filing fee for this action.  Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to *sua sponte* dismiss an in forma pauperis complaint before service if it determines the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who

is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Plaintiff may not maintain a § 1983 action against the MDOC. The Eleventh Amendment bars civil rights actions against a state and its agencies and departments unless the state has waived its immunity and consented to suit or Congress has abrogated that immunity. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989). "The state of Michigan ... has not consented to being sued in civil rights actions in the federal courts," *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004) (citing *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986)), and Congress did not abrogate state sovereign immunity when it passed § 1983. *Chaz Construction, LLC v. Codell*, 137 F. App'x 735, 743 (6th Cir. 2005). The Michigan Department of Corrections is an arm of the State of Michigan and, therefore, immune from suit under the Eleventh Amendment. *See Harrison v. Michigan*, 722 F.3d 768, 771 (6th Cir. 2013).

The Eleventh Amendment precludes Plaintiff's claims against the MDOC. Accordingly, the complaint is DISMISSED.

The Court finds that if Plaintiff elects to appeal this decision he may not proceed without prepayment of the fees and costs on appeal because an appeal

would be frivolous and could not be taken in good faith.  28 U.S.C. § 1915(a)(3);

*Coppedge v. United States*, 369 U.S. 438, 445 (1962).

      SO ORDERED.

                            s/Denise Page Hood
                            DENISE PAGE HOOD
                            UNITED STATES DISTRICT JUDGE

Dated:  July 26, 2023